**William A. Smith, Defendant in Error, v. Lord & Bushnell Company, Plaintiff in Error.**

### Gen. No. 22,185.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 19, 1916.

### Statement of the Case.

Action by William A. Smith, plaintiff, against the Lord & Bushnell Company, a corporation, defendant, to recover damages for breach of contract in failing to deliver lumber that had been paid for. From a judgment for plaintiff, defendant brings error.

Plaintiff bought of defendant certain lumber and paid for the same. The controversy related to 26,000 feet of the lumber, which defendant, it was claimed, failed to deliver to plaintiff. Between the time of the purchase of the lumber and the repurchase by plaintiff of the shortage in delivery, the price of lumber advanced. The contract price was $7 per 1,000 feet and the market price which plaintiff paid for the 26,000 feet not delivered was $14 per 1,000. Plaintiff sought to recover the sum paid for the 26,000 feet of lumber at $7 per 1,000, with interest at five per cent. from August 6, 1912, the date when the payment was made, and also the difference between the contract and market price at the time plaintiff purchased the same to make good the shortage in delivery of the 26,000 feet of lumber.

There was some correspondence between the parties regarding the sale and purchase of the lumber. The contract for 186,000 feet of lumber was orally made between plaintiff and one A. A. Henry, the secretary of the defendant company. It appeared that defend-

ant had a large amount of lumber stored with Swallow & Hopkins at Winton, Minnesota, and it was agreed between the parties that plaintiff should send to Swallow & Hopkins orders for the lumber purchased, and that Swallow & Hopkins would send plaintiff a memorandum of the amount loaded on each car, car number and date of shipment, and that afterwards defendant would send plaintiff invoices for the lumber so shipped. Plaintiff paid to defendant July 24, 1912, by postdated check of August 6, 1912, $1,302 for the 186,000 feet of lumber due plaintiff under his contract, and defendant gave plaintiff an order on Swallow & Hopkins to ship to him the 186,000 feet of lumber upon plaintiff's order. This agreement was carried out as to 159,982 feet of lumber, leaving about 26,000 feet undelivered. Swallow & Hopkins refused to deliver to plaintiff the latter quantity of lumber.

Defendant, in its affidavit of meritorious defense, admitted the sale of the 186,000 feet of lumber and the payment of $1,302 therefor by plaintiff, but claimed that defendant gave to plaintiff an order on Swallow & Hopkins for the whole of the 186,000 feet of lumber, which plaintiff accepted, and defendant contended that such order operated as a delivery of the lumber sold and a full compliance by defendant with its contract with plaintiff.

The lumber sold, defendant claimed, was stored with Swallow & Hopkins at Winton, Minnesota. The lumber was agreed to be delivered f. o. b. cars at Duluth, Minnesota. As bearing upon the question of complete delivery, defendant offered in evidence a letter of July 22, 1912, written to plaintiff, in which it said:

"We enclose herewith our memorandum invoice for 186,000 feet. If you will mail us a check for the amount of this invoice less 2%, we will then tell Swallow & Hopkins that the balance of our $6 Boards belong to you and that you will correspond with them direct in regard to shipments. We must guarantee, however,

that the entire quantity will be moved before September 1st.

"Please let us hear from you promptly as the writer will not be here after this week."

This letter plaintiff answered by a personal visit to defendant, when the contract in controversy was made. Thereupon, on July 24, 1912, defendant wrote the following letter to Swallow & Hopkins:

"We have sold to William A. Smith of Oconto, Wisconsin, 186,000 feet of 4/4 $6 Boards. Please accept Mr. Smith's orders for the shipment of this lumber, which will probably take all that we have left in the pile, invoicing to us in the regular manner, giving Mr. Smith only a memorandum invoice showing car number and quantity loaded."

Defendant limited its defense to its claim of delivery to plaintiff of the lumber contracted to be sold. It did not question the market value or the grade or quality of the 26,000 feet of undelivered lumber set forth in plaintiff's statement of claim.

LOUIS J. BEHAN, for plaintiff in error.

BOYLE & MOTT, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 126*—*when evidence insufficient to show delivery of lumber.* In an action to recover damages for breach of contract in failing to deliver lumber which had been paid for, where it appeared that an order was given by the seller to a firm with whom the seller had stored a supply of lumber to deliver the amount contracted for to the purchaser but that the delivery was to be f. o. b. cars at the place of storage, evidence *held* insufficient to show a complete delivery of all the lumber contracted for or an intention to relieve the seller from liability.

2. CONTRACTS, § 345*—*when third person may not sue on contract.* Where a person with whom lumber is stored accepts an order by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

owner for delivery of lumber to a purchaser, such person is not liable to the purchaser in an action for damages for failure to deliver the lumber, there being no privity of contract between the purchaser and such person.

3. SALES, § 126*—*what does not constitute delivery of lumber.* An order given by the seller of lumber to a person with whom the seller's lumber is stored to deliver to a purchaser a specified quantity upon the purchaser's orders does not operate to transfer the title to such lumber to the purchaser, nor does it constitute a symbolical delivery thereof.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when defendant may not prove matter not set up in affidavit of defense.* Under rule 19 of the Municipal Court providing that "every allegation of fact in any statement of claim or of counterclaim or set-off, if not denied specifically or by necessary implication in the affidavit of defense filed in reply by the opposite party, shall be taken to be admitted," the defendant in an action by the purchaser of lumber against the seller to recover damages for the failure to deliver a portion of the lumber paid for who limits his defense to the claim of delivery to plaintiff of the entire amount of lumber contracted to be sold may not prove that the market value or the grade and quality of the lumber in controversy were different from those appearing in plaintiff's statement of claim, as such matter should·have been set up in the affidavit of defense.